IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIU FENG,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"<br><br>Defendants. | Civil Action No. 1:25-cv-9209 |

## COMPLAINT

Plaintiff Liu Feng ("Plaintiff"), hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. This Court may properly exercise personal jurisdiction over Defendant since it directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Account identified in Schedule A attached hereto (the "Defendant Internet Store"). Specifically, Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Store through which Illinois residents can purchase products featuring Plaintiff's patented design. Defendant has targeted sales from Illinois

1

residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Illinois. Furthermore, upon information and belief, Defendant has imported goods for sale into Illinois for distribution from one or more online marketplace shipping and logistic centers as shown by the shipping times for the Accused Products shown in **Exhibit A**. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) as Defendant is a Chinese entity or individual.

## INTRODUCTION

4. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the products shown in **Exhibit A** (the "Infringing Products"), that infringe Plaintiff's patented design. The Defendant creates the Defendant Internet Stores and design them to appear to be selling genuine products, while actually selling Infringing Products to unknowing consumers. Defendant attempts to avoid liability by going to great lengths to conceal both its identities and the full scope and interworking of its operation. Plaintiff is forced to file this action to combat Defendant's infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendant's actions and seeks injunctive and monetary relief.

## THE PARTIES

5. Plaintiff is a Chinese limited company, and the owner and inventor of the United States Design Patent attached hereto as **Exhibit B** (the "Design Patent").

6. Plaintiff offers its products via online retailers such as Amazon.com which practice the Design Patent. Plaintiff has established its products as the first to market and has an established reputation and quality reviews.

7. Plaintiff's products have been well received by his customers.

8. Plaintiff is the lawful owner of all rights, title, and interest, in the Design Patent. The Design Patent was duly issued in 2024.

9. Plaintiff has not granted a license or any other form of permission to Defendant with respect to the patent design or the Design Patent.

10. Defendant is an individual or business entity who, upon information and belief, reside in the People's Republic of China. Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois. Furthermore, upon information and belief, Defendant has imported one or more of the Accused Products into the state of Illinois for distribution via the online marketplace platforms as shown by the relatively short shipping times to residents of the forum state. *See* **Exhibit A**.

11. Plaintiff has not licensed or authorized Defendant to use the invention claimed in the Design Patent, and Defendant is not an authorized retailer of Plaintiff's Products.

12. Defendant goes to great lengths to conceal its identity and often uses multiple fictitious names and addresses to register and operate its network of Defendant Internet Stores. On information and belief, Defendant regularly creates new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendant to conceal its identities, the full scope and interworking of its operation, and to avoid being shut down.

13. Plaintiff is very familiar with the practices of such online counterfeiters and infringers. Such tactics include shutting down or abandoning their internet stores only to open another internet store offering the same infringing products under a different name, making enforcement of Plaintiff's intellectual property rights difficult in the extreme.

14. Further, infringers such as Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendant maintains off-shore bank accounts and regularly move funds from its financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

15. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Design Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold Infringing Products into the United States, including Illinois. Furthermore, upon information and belief, Defendant has imported its products into the forum state for distribution via the Amazon.com platform as shown

by the relatively short deliver times to addresses within the forum state and this judicial district. ***See* Exhibit A**.

16. Defendant's infringement of the Design Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

17. Defendant's infringement of the Design Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN PATENT
### (35 U.S.C. § 271)

18. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

19. Defendant offers for sale, sells, and/or imports into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Design Patent.

20. Defendant has infringed the Design Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented designs. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

21. Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting on in active concert therewith from infringing the Design Patent, Plaintiff will be greatly and irreparably harmed.

22. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Design Patent;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Design Patent; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, Temu.com, Shein.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the Design Patent;

    b.    disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the Design Patent; and

    c.    take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as she shall prove at trial against Defendant that are adequate to compensate Plaintiff for infringement of the Design Patent, and all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's unauthorized use and infringement of the Design Patent;

4) That Plaintiff be awarded from Defendant, as a result of Defendant's use and infringement of the Design Patent, three times Plaintiff's therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorney fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

<strong><u>DEMAND FOR JURY TRIAL</u></strong>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

DATED August 4, 2025.　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: */s/ Hao Ni*
　　　　　　　　　　　　　　　　　　　　　Hao Ni
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24047205
　　　　　　　　　　　　　　　　　　　　　hni@nilawfirm.com

　　　　　　　　　　　　　　　　　　　　　**NI, WANG & MASSAND, PLLC**
　　　　　　　　　　　　　　　　　　　　　8140 Walnut Hill Ln., Ste. 615
　　　　　　　　　　　　　　　　　　　　　Dallas, TX 75231
　　　　　　　　　　　　　　　　　　　　　Tel: (972) 331-4600
　　　　　　　　　　　　　　　　　　　　　Fax: (972) 314-0900


　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*