**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LIU FENG,

        Plaintiff,

    v.

KITSURE-BJT,

        Defendant.

No. 25 CV 9209

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Liu Feng owns a design patent for a sink caddy and brought suit against defendant Kitsure-BJT for patent infringement based on sink caddies Kitsure manufactures and sells. Defendant moves to dismiss under Rule 12(b)(6) for failure to state a claim. The motion is denied.

## I.    Legal Standards

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint "'generally requires only a plausible short and plain statement of the plaintiff's claim,' showing that the plaintiff is entitled to relief." *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 39 (Fed. Cir. 2024) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)) (citing Fed. R. Civ. P. 8(a)(2)). In evaluating a complaint's sufficiency, courts "accept[] as true all non-conclusory allegations of fact, construed in the light most favorable to the plaintiff." *Samish Indian Nation v. United States*, 419 F.3d 1355, 1364 (Fed. Cir. 2005).

That said, district courts need not accept as true allegations that "are directly contradicted" by the complaint or any documents attached or incorporated in it. *AlexSam*, 119 F.4th at 44; *see also Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss.").[1]

## II.    Background

Plaintiff Liu Feng is a Chinese limited company, and the owner and inventor of a United States Design Patent (No. 1,038,566) registered on August 6, 2024. [1] ¶ 5; [2-2] at 2.[2] The patent describes "[t]he ornamental design for a sink caddy." [2-2] at 2. The patent includes eight figures showing different perspectives of the product. *See generally* [2-2]. Plaintiff offers its products via online retailers such as Amazon and has an established reputation and quality reviews. [1] ¶ 6.

Defendant Kitsure-BJT also makes and sells sink caddies. [2-1]. Plaintiff alleges that defendant's product infringes on its design patent. [1] ¶ 20.

Depicted below on the left is one of the eight pictures included in plaintiff's design patent, [2-2] at 7. On the right is an image of defendant's product as it appears on Amazon, which is attached to plaintiff's complaint, [2-1] at 6.

---

[1] The Federal Circuit "generally applies the law of the respective regional circuit on questions of procedure." *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2024).

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1], and the attached exhibits.



## III.   Analysis

The "ordinary observer" test applies to claims alleging design patent infringement. *See Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1971) ("[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.").

This ordinary observer analysis takes the form of a two-part test: "(1) the court first construes the claim to determine its meaning and scope; (2) the fact finder then compares the properly construed claim to the accused design." *Range of Motion Prods., LLC v. Armaid Co.*, 166 F.4th 981, 988 (Fed. Cir. 2026) (quoting *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1341 (Fed. Cir. 2020)). The scope of a design patent claim "must be limited to the ornamental aspects of the design." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015). "Where a design contains both functional and non-functional elements, the scope of the claim must be

3

construed in order to identify the non-functional aspects of the design as shown in the patent." *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016).

Plaintiff argues that applying the "ordinary observer" test at the pleading stage is premature. [23] at 3–4. With respect to the first prong, plaintiff argues that claim construction should not occur before discovery. [23] at 4. "Claim construction is the process of adjudicating the meaning of claim language, thereby clarifying the scope of the invention." *Lecat's Ventriloscope v. MT Tool & Mfg.*, 283 F.Supp.3d 702, 708 (N.D. Ill. 2018). The correct construction of claim terms is a question of law for the court to decide. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).

Defendant fails to cite any authority for its proposition that "the need for formal claim construction is obviated where the overall visual impressions are fundamentally and unambiguously different." [24] at 7–8. However, the '566 patent claims the ornamental design for a sink caddy. [2-2] at 2. And though plaintiff cites the provision in the local patent rules contemplating the claim construction will typically be done toward the end of fact discovery, the parties do not actually dispute the scope of the claim, and I construe it to mean what it says. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (noting that the words of a claim are generally given their ordinary and customary meaning).

Infringement, by contrast, is generally a matter of fact to be resolved by the fact finder. *Ethicon Endo-Surgery*, 796 F.3d at 1335. A patentee may, however, fail to meet its burden of proving infringement as a matter of *law* where the claimed and

4

accused designs are "sufficiently distinct" and "plainly dissimilar." *Id.* Here, defendant argues that dismissal is appropriate because the accused product is plainly dissimilar to the patented design. [18] at 6–11.

Focusing solely on the ornamental features of plaintiff's design, I cannot conclude as a matter of law that no infringement has occurred. Defendant points to its product's "bidirectional grid of perpendicular bars" to conclude that the "fundamental visual language of the two designs is contradictory." [18] at 1–2. But where the distinguishable components have a functional aspect, they must be excluded from the comparison. *See Ethicon Endo-Surgery*, 796 F.3d at 1336. Thus, despite defendant characterizing the "overall visual impression" of its product as "one of geometric complexity and structured containment," it is equally plausible to infer at this stage that these structural differences serve a functional purpose: to better secure the items placed in the sink caddy.

Defendant points to two cases that it argues warrant dismissal here. The first case, *High Point Design LLC v. Buyer's Direct, Inc.*, 621 Fed. App'x 632 (Fed. Cir. 2015), implicated the design patent for a fuzzy slipper. In affirming a grant of summary judgment of non-infringement, the court pointed to numerous ornamental differences between the accused and patented slippers; in addition to the fact that the structural differences between the products created distinct visual impressions, the slippers also differed in shape and style from all profiles. 621 Fed. App'x at 641–42. In contrast, the inclusion of perpendicular bars (as the primary design difference between plaintiff's and defendant's product) does not necessarily establish

"meaningful differences between the two designs." *Id.* at 642. Drawing inferences in plaintiff's favor, the products plausibly assume the same "overall ornamental visual impression." *Ethicon Endo-Surgery*, 796 F.3d at 1312.

Summary judgment was granted in *North Star Technology International v. Latham Pool Products*, 676 F.Supp.3d 579 (E.D. Tenn. 2023), for similar reasons. There, the court pointed to the way individual design features of swimming pools worked in concert to create "a substantially different overall ornamental appearance." *North Star*, 676 F.Supp.3d at 591. In contrast to the two primary differences articulated by plaintiffs (the perpendicular bars and the two-compartment layout featured by the accused product), [18] at 11, the court in *North Star* pointed to four distinct differences, leading "the two designs to differ significantly." 676 F.Supp.3d at 591–94. Even more, because the question of infringement was arising on summary judgment, the court was able to cite deposition testimony by the patent inventor admitting to a distinct visual impression created by his product as opposed to the accused product. *Id.* Here, at the motion to dismiss phase and where there has been no official claim construction, plaintiff has not been given an adequate opportunity to articulate the design features of its patented claim.

Viewing the products side-by-side, and drawing all reasonable inferences in favor of plaintiff, I find that the accused product and asserted design patent are not plainly dissimilar.

## IV.      Conclusion

Defendant's motion to dismiss, [18], is denied.


ENTER:

                                        _____

                                        Manish S. Shah
                                        United States District Judge

Date: March 26, 2026